IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK KINKEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-562-JHP-FHM |
| ) | |
| TERRY DURBOROW, Ottawa County Sheriff; ) | |
| JOHN CLARKE, Ottawa County Bd. of ) | |
| Comm'rs; KENNETH PALMER, Ottawa ) | |
| County Bd. of Comm'rs; RUSSELL EARLS, ) | |
| Ottawa County Bd. of Comm'rs; RANDALL ) | |
| LLOYD, Ottawa County Jail Adm'r; ) | |
| JOHN DOES (Hosp. transport, Ottawa ) | |
| County jail detective, Ottawa County jail ) | |
| guard a/k/a Potter, and all night guard); ) | |
| TRAVIS BURKEE, jail guard; ) | |
| TRAVIS DOE, jail guard a/k/a AM intake ) | |
| guard; JACK DONEY, Integris Hosp. Phys'n; ) | |
| TERESA STEIN, Nurse, Ottawa County Jail; ) | |
| BECKY BAIRD, Ottawa County Ass't ) | |
| Dist. Atty.; WILLIAM CULVER, Ottawa ) | |
| County Assoc. Dist. Judge; STAN HUPFELD, ) | |
| CEO, Integris (Oklahoma Baptist Healthcare, ) | |
| Inc.); JOHN FINLEY, Chairman, Integris- ) | |
| Miami Bd. of Dirs.; STEVE GRIGSBY, Vice- ) | |
| Chairman, Integris-Miami Bd. of Dirs. ) | |
| PAT JURGENSMEYER, Sec'y, Integris Bd. of ) | |
| Dirs.; RUTH BENNETT, ER Phys'n, Integris- ) | |
| Miami; ROY BIBBLE, Craig County Comm'r; ) | |
| FRANK MARION FLOYD, Craig County ) | |
| Comm'r; DAN PEETOOM, Craig County ) | |
| Comm'r; JIMMIE SOOTER, Craig County ) | |
| Sheriff; B. J. FLOYD, Craig County Jail Adm'r;) | |
| MICHAEL CRUTCHER, Interim Comm'r, ) | |
| Okla. Dept. Health; FNU GARRISON, Dir. ) | |
| Okla. Jail Inspector's Office; KYLE LESTER, ) | |
| Exam'r, Okla. Jail Inspector's Office; ) | |
| FNU ISAACS, Officer, Okla. Pardon and ) | |
| Parole, Ottawa County; ALETA SMITH-FOX, ) | |
| Phys'n Ass't, Integris and Ottawa County Jail, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se* and proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Ottawa and Craig County Jails. By Order filed October 24, 2008 (Dkt. # 7), Plaintiff was granted leave to proceed *in forma pauperis*. On December 16, 2008, Plaintiff submitted an initial partial filing fee payment in substantial compliance with the Court's Order. Presently pending before the Court are Plaintiff's motions "to supplement or amend complaint"(Dkt. # 6), and "to add evidence to support my § 1983" (Dkt. # 16). The Court will address the results of the initial screening of Plaintiff's complaint and the impact on Plaintiff's pending motions.

### *BACKGROUND*

When Plaintiff filed his complaint on September 23, 2008, he was a state inmate in custody of the Oklahoma Department of Corrections. Plaintiff states that he was transferred from the Tulsa County Jail ("TCJ") to the Ottawa County Jail ("OCJ") on October 12, 2006. While in custody at the OCJ, Plaintiff claims that he was not provided the antidepressant medication he had been prescribed while at the TCJ. Plaintiff further alleges that on October 12, 2006, while at the OCJ, he was "beaten and kicked into unconsciousness twice" by five (5) fellow inmates and that he was "steadily threatened" with rape and murder by two (2) of the inmates. He states that he was refused Emergency Room medical attention, removal from the cell, and guard assistance during the night of October 12, 2006. The next morning, he was interviewed, photographed, and taken to Integris-Miami Emergency Room where he was X-rayed. He was returned to OCJ where he was placed in "some kind of solitary confinement." Plaintiff states that on October 23, 2006, he was transferred from the OCJ to the Craig County Jail ("CCJ") for his "safety." While at the CCJ, Plaintiff claims

he was denied his requests for medical care and for medication until his transfer in February of 2007. He also claims that while he was in custody at the CCJ, he was denied access to legal materials and out-of-cell exercise.

Based on those and other allegations concerning his convictions and sentences, Plaintiff identifies five (5) claims, as follows:

Count I: Ottawa and Craig County Supervisors, Sheriffs, jail administrators, guards/jailers, Ottawa jail medical staff Doney, Smith-Fox, Stein, and INTEGRIS Healthcare Corp, INTEGRIS-Miami ER physician Bennett, and local and corporate INTEGRIS Board of Directors, were deliberately indifferent to Plaintiff's medical needs by refusing and denying requested specialist prescribed medications and requested medical care from injuries sustained from inmate-on-inmate violence.

Count II: INTEGRIS Healthcare and ER Dr. Bennett, Ottawa County Supervisors, sheriff, guards/jailers and jail medical staff acts, omissions and conspiracies, denied Plaintiff of: protection from inmate-on-inmate violence, requests for immediate medical attention, protection from cruel and unusual punishment, follow-up medical care, free expression, access to the courts and due process.

Count III: Plaintiff claims Craig County Supervisors, sheriff and jail administrator routinely denied access to available law library and legal books, preventing Mr. Kinkead from asking and obtaining proper legal guidance and authority and prevented Plaintiff from having any out-of-cell exercise time for the seven months Plaintiff was a pretrial detainee in the Craig County Jail.

Count IV: Plaintiff claims Defendants Ottawa County Assistant District Attorney Baird and Ottawa County Special District Judge Culver used the power of their offices, by act or omission to violate Plaintiff's civil rights, individually and conspiratorially.

Count V: Defendants, by position of authority and acts or omission, conspired to use the power of INTEGRIS' corporate standing and offices legislated for enforcing State authored Acts for Administration and Procedure, Auditing and Inspecting, and the professional association licensing and standards of attorneys, judges, medical personnel and hospitals, to deprive or increase the likelihood of Plaintiff's civil rights being violated.

(Dkt. # 1). Plaintiff seeks compensatory and punitive damages, "plus the costs of this action and such other relief as the Court deems just and equitable." Id.

*ANALYSIS*

**A.     Dismissal under 28 U.S.C. § 1915A**

The Prison Litigation Reform Act of 1996 added a new section to the *in forma pauperis* statute entitled "Screening." See 28 U.S.C. § 1915A. That section requires the Court to review, before docketing, or as soon as practicable after docketing, a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity and to "dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). For the reasons discussed below, the Court finds that, pursuant to 28 U.S.C. § 1915A, a portion of Plaintiff's third claim fails to state a claim upon which relief may be granted, his fourth claim seeks monetary relief from immune defendants, and his fifth claim fails to state a claim upon which relief may be granted. Therefore, those claims shall be dismissed. Also, Plaintiff fails to state a claim against certain defendants and those defendants shall be dismissed from this action. Lastly, Plaintiff's request for immediate release from custody sounds in habeas corpus and shall be dismissed from this action.

Title 42 U.S.C. § 1983 provides individuals a federal remedy for deprivation of their rights secured by the Constitution and laws of the United States. See Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). For a complaint under section 1983 to be sufficient a plaintiff must allege two prima facie elements: that defendant deprived him of a right secured by the Constitution

4

and laws of the United States, and that defendant acted under color of state law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a) sets up a liberal system of notice pleading in federal courts. This rule requires only that the complaint include a short and plain statement of the claim sufficient to give the defendant fair notice of the grounds on which it rests. Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993) (rejecting heightened pleading requirements in civil rights cases against local governments). If plaintiff's complaint demonstrates both substantive elements it is sufficient to state a claim under section 1983. Id.; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).

A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade, 841 F.2d at 1526 (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

**B. Constitutional Standards**

    **1. Inadequate medical care**

To state a § 1983 claim for a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference

to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A pretrial detainee's right to receive adequate medical care is protected by the Fourteenth Amendment and the standard for evaluating his claim under the Fourteenth Amendment is the same. A plaintiff must allege "deliberate indifference to serious medical needs." Meade v. Grubbs, 841 F.2d at 1530; Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985).

"Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that the deliberate indifference standard under Estelle has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Id. at 298-99. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993). In addition, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

**2. Failure to protect/conditions of confinement**

According to the Supreme Court, the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses

6

of the Fifth and Fourteenth Amendments. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted). "The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Id. (quotation omitted).

An inmate claiming that officials failed to insure his safety "must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Plaintiff must also demonstrate that the officials had a "sufficiently culpable state of mind," that is, their acts or omission arose from "deliberate indifference to inmate health or safety." Id. at 835-47 (explaining that deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other"). A prison official is not liable for unsafe conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. An official's failure to alleviate a significant or obvious risk that he should have perceived but did not, while no cause for commendation, does not constitute a violation of the Eighth Amendment. Id. at 838. Negligence on the part of prison officials does not constitute deliberate indifference. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d

1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection ... exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted). To establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Meade, 841 F.2d at 1527 (quotations and alterations omitted); accord Serna, 455 F.3d at 1151 ("[A] plaintiff must show an 'affirmative link' between the supervisor and the [constitutional] violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." (quotation omitted)).

### 3. Access to courts

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Significantly, however, an inmate alleging a violation of constitutional access to the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir.1996) (per curiam) (interpreting Lewis). For example, an

inmate cannot bring a constitutional access to the court claim simply because that person's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

### C. Plaintiff's claims in Counts IV, V, and part of III shall be dismissed

#### 1. Count III

In Count III of his complaint, Plaintiff alleges that (1) he was denied all access to legal materials while he was in custody at CCJ, and (2) he was denied all requests for "out-of-cell" exercise for the entire seven-month stay at CCJ. The Court finds that the portion of Count III regarding access to legal materials shall be dismissed for failure to state a claim. Plaintiff has failed to allege supporting facts sufficient to state a claim for denial of his right to access the courts. Plaintiff simply complains that he was not allowed access to legal materials while he was in custody at the CCJ. He has made no allegation suggesting that he was in any way hindered in pursuing a legal claim. The Court finds that Plaintiff's conclusory allegations are inadequate to support a claim of denial of access to courts in violation of the Constitution. For that reason, that portion of Count III shall be dismissed for failure to state a claim upon which relief may be granted. The CCJ defendants shall answer the portion of ground III alleging denial of requests for out-of-cell exercise during Plaintiff's seven (7) month stay at CCJ.

#### 2. Count IV

As his fourth claim in this case, Plaintiff alleges that the Defendant Baird, an Ottawa County Assistant District Attorney, and Defendant Culver, an Ottawa County Special District Judge, "used the power of their offices" to violate his civil rights. See Dkt. # 1. Imbedded within this claim are

various allegations concerning the acts and omissions of Defendants Baird and Culver, including claims that those defendants failed to "formerly [sic] press charges against those responsible for the vicious and tortuous attack," breached a plea agreement, and "repeatedly and knowingly circumvented Oklahoma Statutes for proper sentencing, by sentencing Plaintiff to void, voidable or illegal sentences on three consecutive actions." Id. In this portion of his complaint, Plaintiff states that he "seeks immediate release from incarceration." The Court finds that Count IV shall be dismissed from this action because Defendants Baird and Culver are entitled to immunity.

### a. Judicial immunity

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). In this case, the Court finds that the actions taken by Defendant Culver forming the basis of Plaintiff's claim(s) identified in Count IV were judicial and within his jurisdiction as Special District Judge for Ottawa County. Therefore, the Court concludes Defendant Culver is absolutely immune from monetary damages in this civil rights action. Defendant Culver shall be dismissed with prejudice from this action.

### b. Prosecutorial immunity

A state prosecutor, such as Defendant Baird, is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v.

Fitzsimmons, 509 U.S. 259, 273 (1993)). In this case, the Court finds that the actions of Defendant Baird taken in prosecuting criminal charges against Plaintiff are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Because Defendant Baird is entitled to absolute prosecutorial immunity from civil damages, Defendant Baird shall be dismissed from this action with prejudice.

### c. Request for release from custody is unavailable in this civil rights action

Based on the representations made in Count IV, Plaintiff requests that he be immediately released from custody. Because Plaintiff's requested relief would affect the length or duration of his confinement, the appropriate remedy is provided by the habeas corpus statutes. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his conviction and sentence, rather than a complaint under 42 U.S.C. § 1983. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Plaintiff is reminded that before seeking habeas corpus relief, he must exhaust available state remedies. 28 U.S.C. § 2254(b).

### 3. Count V

As his fifth claim, Plaintiff alleges that certain defendants used their positions of authority "to deprive or increase the likelihood of Plaintiff's civil rights being violated." See Dkt. # 1. He specifically states that:

> a conspiracy existed between [sic] INTEGRIS ER Dr. Bennett, jail supervising physician Doney, jail nurse Stein, Sheriff Durborow, jail guards Burkee, Potter, John (All Night Guard) Doe 1, Travis (AM Intake Guard) Doe 2, Asst. DA Baird, Judge Culver and the F Pod inmates, to intentionally and with deliberate indifference,

11

> deprive Plaintiff of proper medical care, specialist prescribed medications, protection from cruel and unusual punishment, access to the courts, freedom of expression and due process.

(Dkt. # 1 at 15-16). Count V also contains allegations against Defendants Kester,[1] Crutcher, Garrison, Hupfeld, Finley, Grigsby, and Jurgensmeyer.

"Allegations of conspiracy may . . . form the basis of a § 1983 claim." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," id., and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim," id. (quotation omitted). Further, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." Snell v. Tunnell, 920 F.2d 673, 701-02 (10th Cir. 1990). Thus, to prevail on such a claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights." Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990).

In this case, despite Plaintiff's contention of a conspiracy, he fails to offer any specifics on how an agreement to violate his rights among Defendants Bennett, Doney, Stein, Durborow, Burkee, Potter, John Doe 1, Travis Doe 2, Baird, Culver and the F Pod inmates, may have been reached. Plaintiff has failed to allege facts suggesting that there was a meeting of the minds to establish a conspiracy. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Therefore, Plaintiff's conspiracy claim, as asserted in Count V, shall be dismissed.

---

[1] In the list of additional defendants attached to the complaint, Plaintiff identifies the jail inspector as "Kyle Lester." See Dkt. # 1, Additional Defendants at # 29. Also, the summons and USM-285 form provided by Plaintiff is for "Kyle Lester." However, in the text Count V, found at pages 15-21 of the complaint, the jail inspector is identified as "Kester." See Dkt. # 1 at 15-21. No summons or USM-285 is provided for a defendant named "Kester."

12

Plaintiff also makes numerous allegations in Count V concerning certain defendants' failure to conduct a sufficiently diligent investigation and failure to enforce legislative and agency policies which would have allegedly prevented the inmate-on-inmate violence. These defendants include Oklahoma Jail Inspector Kester, Michael Crutcher, Jail Inspector Supervisor Garrison, Integris CEO Hupfeld, Integris-Miami Board Chairman Finely, Vice Chairman Grigsby, and Secretary Jurgensmeyer. These allegations are speculative and conclusory, at best. Significantly, Plaintiff has failed to allege facts suggesting that these defendants acted or failed to act with deliberate indifference. Conclusory allegations are insufficient to state a claim. Therefore, his complaint fails to state a claim as to those defendants[2] and they shall be dismissed from this action.

**D. Complaint fails to state a claim as to certain defendants**

As to certain defendants, Plaintiff's complaint fails to identify facts sufficient to state a claim. Plaintiff identifies Defendant Issacs as a Probation Officer for Ottawa County. He states that "Mr. Issacs was Plaintiff's Probation Officer from August 14, 2003, through October 14, 2003." See Dkt. # 1. Allegations against Defendant Issacs are found in Count IV, where Plaintiff states that the existence of a plea agreement was "evidenced by District Attorney approval to Probation Officer Issacs, for the Plaintiff to travel out-of-state to a youth soccer event in Chicago," see Dkt. # 1, at 12 ¶ 10, and in Count II, where Plaintiff states that Defendant Issacs "curiously recognized Plaintiff

---

[2]The Court recognizes that Plaintiff also references "INTEGRIS Healthcare Corp" and "local and corporate INTEGRIS Board of Directors" in Count I, and "INTEGRIS Healthcare" in Count II, alleging that those defendants were deliberately indifferent to his medical needs. However, he makes no specific factual allegations concerning those defendants in Counts I and II and completely fails to explain how any of them personally participated in providing medical care to him. As a result, Plaintiff has failed to state a claim as to those defendants in Counts I and II. However, the remaining defendants identified in Counts I and II shall answer Plaintiff's assertions as directed herein.

immediately by name," see id., at 8 ¶ 32. Those allegations alone are insufficient to state a claim against Defendant Issacs. As to the allegation in Count IV, assuming without finding that Defendant Issacs played a role in depriving Plaintiff of a constitutional right, the time period identified by Plaintiff reflects that any possible conduct by Defendant Issacs took place approximately five (5) years before the filing of the complaint. As a result, any claim against Defendant Issacs arising from conduct in the fall of 2003 is barred by the two-year statute of limitations applicable to civil rights actions in Oklahoma. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

Plaintiff also names "John (Hospital Transport) Doe" as a defendant and states that he transported Plaintiff to and from the ER on October 13, 2006. Other than that statement, the complaint contains no factual averments linking Defendant John (Hospital Transport) Doe to any alleged constitutional violation. Therefore, the complaint fails to state a claim as to Defendant John (Hospital Transport) Doe and he shall be dismissed from this action.

### E. Motions to amend/supplement are moot

As indicated above, Plaintiff has filed two (2) motions to amend or supplement his complaint, see Dkt. #s 6 and 16, both related only to the claim(s) asserted in Count IV. Because Count IV is dismissed from this action, the motions to amend or supplement have been rendered moot.

**F.     Service of Complaint**

The Court finds summonses should be issued and service of process effected[3] on Defendants[4] as to Plaintiff's remaining claims, Counts I, II, and part of III, concerning the conditions of confinement at OCJ and CCJ. In addition, upon review of the complaint (Dkt. # 1), the Court believes that an investigation and special report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims asserted in Counts I, II, and part of III.  See Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991); Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  Therefore, upon service, officials responsible for the agencies involved in the

---

[3]The Court hereby extends the time for service an additional 60 days pursuant to Fed. R. Civ. P. 4(m).

[4]Service will not be attempted as to any defendant identified only as "John Doe." More than 2 years have passed since the date of the attack complained of by Plaintiff (October 12, 2006) and the date Plaintiff states he was last denied medication (February of 2007). See Dkt. # 1 at 5, 6. Therefore, the statute of limitations has run with respect to the John Doe defendants and Plaintiff's § 1983 claims against the John Doe defendants should be dismissed *sua sponte*. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense-such as statute of limitations-'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."). See also Garrett v. Fleming, 362 F.3d 692 (10th Cir. 2004) (prisoner substitution of named defendants for the original unknown "John Doe" defendants amounted to adding a new party and dismissal as barred by applicable statute of limitations appropriate because a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B)); Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999) ("Although [plaintiff] filed his complaint naming defendant officers as 'John Does' within the . . . statute of limitations period, '[i]t is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued' . . . And even when a suit is brought by *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.' . . . [Plaintiff's] failure until two years after the expiration of the statute of limitations period to name specifically in his complaint the officers who allegedly violated his rights is therefore fatal to his . . . claim.").

alleged civil rights violation(s) shall undertake a review of the subject matter of those counts as alleged in the complaint:

    (a)    to ascertain the facts and circumstances;

    (b)    to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the complaint; and

    (c)    to determine whether other like complaints, whether pending in this Court or elsewhere,[5] are related to this complaint and should be taken up and considered together.

In conducting the review, a written report shall be compiled and filed with the Court. Authorization is granted to interview all witnesses including Plaintiff and appropriate officers of the agency. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report. Any rules and regulations pertinent to the subject matter of the complaint shall be included in the written report.

Both the Special Report and Defendants' answer(s) or responsive pleading(s) shall be filed no later than sixty (60) days from the date of service.

---

[5] Significantly, Plaintiff indicates in his complaint that he has filed complaints in both Ottawa and Craig County District Courts, concerning the incidents giving rise to the claims asserted in this federal action. He indicates that as of the filing of the federal complaint, both of those actions remain pending. Of course, the pendency/disposition of the claim(s) raised in the state court cases may impact the disposition of the claims raised in the instant federal case.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Count IV is **dismissed**. Defendants Baird and Culver are **dismissed with prejudice** from this action. Plaintiff's request for immediate release from custody is improperly brought in this 42 U.S.C. § 1983 action and is **dismissed**.

2. Count V is **dismissed**. Defendants Oklahoma Jail Inspector Kester, Michael Crutcher, Jail Inspector Supervisor Garrison, Integris CEO Hupfeld, Integris-Miami Board Chairman Finley, Vice Chairman Grigsby, and Secretary Jurgensmeyer are **dismissed** from this action.

3. That portion of Count III alleging denial of access to legal materials is **dismissed**.

4. Defendant Issacs is **dismissed** from this action.

5. Defendant John (Hospital Transport) Doe is **dismissed** from this action.

6. All defendants identified as only "John Doe" are **dismissed** from this action.

7. Plaintiff's motion to supplement or amend complaint (Dkt. # 6) is **declared moot**.

8. Plaintiff's motion "to add evidence" (Dkt. # 16) is **declared moot**.

9. The Clerk shall **issue** summonses and deliver them along with the USM-285 forms, seventeen (17) copies of the complaint (Dkt. # 1), and seventeen (17) copies of this Order to the U.S. Marshal for service on Defendants Durborow, Clarke, Palmer, Earls, Lloyd, Burkee, John Travis (AM Intake Guard) Doe, Doney, Smith-Fox, Stein, Bennett, Bible, Floyd, Peetoom, Sooter, Floyd, and John (Potter) Doe.

10. The agencies responsible for the alleged civil rights violation(s) shall prepare a Special Report addressing Plaintiff's claims in Counts I and II, and his claim of denial of out-of-cell exercise asserted in Count III, as directed herein.

11. **The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty days from the date of service.** The Special Report(s) made in the course of this investigation shall be filed as a separate document(s).

12. No applications, motions, or discovery should be filed or considered until the steps set forth in this order have been completed, and an order entered, except as the Court further orders.

13. Should Defendants file dispositive motion(s), Plaintiff shall file a **response** within eighteen (18) days after the filing of Defendants' motion(s). **Failure to file a response could result in the entry of relief requested in the motion. See LCvR7.2(f).**

DATED THIS 27th day of April 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma