IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK KINKEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-562-JHP-FHM |
| ) | |
| TERRY DURBOROW, Ottawa County ) | |
| Sheriff; et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff appears *pro se* and is proceeding *in forma pauperis*. By Order filed April 27, 2009 (Dkt. # 18), the Court directed service of process by the United States Marshal. Unexecuted returns of service for Defendants Frank Marion Floyd, Doney, Stein, Burkee, Palmer, and Travis Doe, were filed of record on July 8, 2009, see Dkt. #s 36, 39, 40, 41, 42, 43, and for Defendant John Doe on June 25, 2009, see Dkt. # 27. By Order filed August 4, 2009 (Dkt. # 59), Plaintiff was directed to demonstrate good cause for his failure to effect timely service of process as to Defendants Frank Marion Floyd, Doney, Stein, Burkee, Palmer, Travis Doe, and John Doe. On August 11, 2009, Plaintiff filed his response (Dkt. # 61). On July 21, 2009, Defendants Bible, Clarke, Earls and Peetom filed a motion to dismiss (Dkt. # 54). On September 15, 2009, Defendant Jack Doney, M.D., filed a Special Entry of Appearance, Motion to Dismiss, and Brief in Support (Dkt. #s 62 and 63). On February 3, 2010, Plaintiff filed responses to the motions to dismiss (Dkt. #s 69 and 70). Also pending before the Court is Plaintiff's motion for appointment of counsel (Dkt. # 77).

**A.  Failure to effect service**

By Order filed August 4, 2009 (Dkt. # 59), the Court directed Plaintiff to show cause why Defendants Frank Marion Floyd, Doney, Stein, Burkee, Palmer, Travis Doe and John Doe should not be dismissed without prejudice based on Plaintiff's failure to effect service within the time period established by the Court in the Order directing service of process, see Dkt. # 18 (extending the time for service by sixty (60) days pursuant to Fed. R. Civ. P. 4(m)). On August 11, 2009, Plaintiff filed his response (Dkt. # 61). He requests that Defendants Travis Doe and John Doe, identified by Plaintiff as John Dilliner, a jail guard, be dismissed from this action. Based on Plaintiff's request, the Court finds Defendants Travis Doe and John Doe shall be dismissed without prejudice.

As to the remaining unserved defendants, the Court finds Plaintiff has failed to establish good cause for his failure to effect service within the time period established by the Court. Under Fed. R. Civ. P. 4(m), "'[i]f good cause [for improper service] is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.'" Sanders v. Sw. Bell Tel., L.P., 544 F.3d 1101, 1111 (10th Cir. 2008) (quoting Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)). The unexecuted returns of service filed by the U.S. Marshal reflect that Defendants Frank Marion Floyd and Palmer are no longer county commissioners, see Dkt. #s 36,42; that no "Teresa Stein" works at the Ottawa County Jail,[1] see Dkt. # 40; and that Defendants Burkee and Doney no longer work at the Ottawa County Jail, see Dkt. #s 39, 41. In his response addressing his

---

[1] Based on the explanation provided for failure to serve "Teresa Stein," it appears Plaintiff may have provided an incorrect name. It is Plaintiff's responsibility to provide correct names and service addresses for defendants. The Court notes that the Special Report prepared by Ottawa County officials (Dkt. # 48) and provided to Plaintiff contains names and/or initials of the nursing staff involved with Plaintiff's treatment at the jail.

failure to effect service, see Dkt. # 61, Plaintiff does not offer an explanation for his failure to effect service as to Defendants Frank Marion Floyd and Palmer, although he makes general statements concerning his understanding of the culpability of county commissioners. Plaintiff's contentions concerning his efforts to serve Defendant Doney are discussed in part B, below. As to his failure to effect service of Defendants Burkee and Stein, he states his belief that "the jail is aware of how to get in touch with Mr. Burkee and is obstructing justice by denying the information needed to effect delivery of the Burkee summons." See Dkt. # 61. He makes similar allegations concerning Defendant Stein. Significantly, Plaintiff does not assert that he has made any effort to ascertain current addresses for Defendants Burkee and Stein. His claim that jail officials know the whereabouts of Defendants Burkee and Stein is speculative. Plaintiff's contentions that he is currently incarcerated and cannot get information from jail officials are insufficient to establish good cause.

The Court concludes that Plaintiff has failed to demonstrate good cause for his failure to effect service within the time limit imposed by the Court. Nonetheless, as to Defendants Burkee and Stein, the Court will allow an additional thirty (30) day extension of time for Plaintiff to effect service of process. Should Plaintiff fail to effect service of process as to Defendants Burkee and Stein by the deadline established herein, those defendants will be dismissed without prejudice. However, for the reasons discussed in Part B, it would be futile to allow additional time for Plaintiff to serve Defendants Frank Marion Floyd, Palmer, and Doney and a permissive extension of time as to those defendants is not warranted. For that reason, the Court finds Defendants Frank Marion Floyd, Palmer, and Doney shall be dismissed without prejudice based on Plaintiff's failure to effect proper service.

**B. Motions to dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard to have a complaint dismissed for failure to state a claim upon which relief may be granted. To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. A complaint does not comply with the pleading requirements if it merely tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557); see also Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere

conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

### 1. *Complaint fails to state a claim as to Defendants Bible, Clarke, Earls and Peetom*

Defendants Roy Bible and Dan Peetom, Craig County Commissioners; and John Clarke and Russell Earls, Ottawa County Commissioners (hereinafter "Commissioners") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[2]  Plaintiff sues the Commissioners in their individual and official capacities for alleged violations of his constitutional rights resulting from events occurring during his incarceration at the Ottawa and Craig County Jails.  In his complaint, Plaintiff states that Defendants Clarke, Palmer and Earls are "on the Board of Commissioners for Ottawa County," (Dkt. # 1 at pages 1-2, ¶¶ 3-5), and that Defendants Bible, Peetom and Floyd are responsible for "setting and executing policy and procedure for Craig County Jail and sheriff," (id., at "Additional Defendants," page 2, ¶¶ 22-24). There are no other factual allegations concerning the commissioners anywhere in the complaint.

---

[2]As noted in part A, Plaintiff failed to effect service as to Defendants Kenneth Palmer, former Ottawa County Commissioner, and Frank Marion Floyd, former Craig County Commissioner. The grounds for dismissal discussed herein are equally applicable to those defendants. Thus, even if Plaintiff had effected service as to Defendants Floyd and Palmer within the time period ordered by the Court, those Defendants would be dismissed from this action pursuant to the terms of this Opinion and Order.

To the extent Plaintiff attempts to hold the commissioners liable in their individual capacities or as supervisors, it is well established that a civil rights defendant may not be held individually liable under section 1983 unless the defendant caused or participated in the alleged constitutional deprivation. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Mere supervisory status, without more, will not create liability in a Section 1983 action. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Gagan v. Norton, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Instead, to establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Worrell, 219 F.3d at 1214 (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotation omitted) (alteration in original)); Mitchell, 80 F.3d at 1441; Volk v. Coler, 845 F.2d 1422, 1431 (7th Cir. 1988). In the present case, the commissioners can be held individually liable only if, by their own conduct, they deprived Plaintiff of any rights secured under the Constitution. See Rizzo v. Goode, 423 U.S. 362, 377 (1976).

After reviewing Plaintiff's allegations in the complaint, the Court finds that he fails to allege facts indicating that any of the commissioners, by their own conduct, caused or participated in any alleged constitutional violations. Plaintiff alleges no fact indicating that the commissioners participated in decisions affecting the conditions of Plaintiff's confinement at the Ottawa and Craig County Jails. As explained above, mere supervisory status does not give rise to liability in the absence of an affirmative link between the constitutional deprivation and the supervisor's conduct. Even construing Plaintiff's complaint liberally, in accordance with his *pro se* status, the Court finds that Plaintiff has failed to set forth adequately the requisite nexus to establish the liability of the commissioners in their individual capacities.

To the extent Plaintiff has sued the commissioners in their official capacity as members of the County Board of Commissioners of Ottawa or Craig County, the Court again finds Plaintiff's complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Because section 1983 does not recognize the theory of respondeat superior as a basis for liability, in order to succeed on an official capacity claim against a county official under section 1983, a plaintiff must allege that he suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Meade, 841 F.2d at 1529. The plaintiff may allege an action taken as a result of policy by showing that the constitutional injury resulted from the action or decision of an individual with final policy making authority with respect to the action ordered. Pembaur v. Cincinnati, 475 U.S. 469, 482 (1986). Plaintiff may also show a policy by demonstrating a pattern of conduct or series of acts which reasonably imply the existence of a policy or custom. See Strauss v. Chicago, 760 F.2d 765, 768-69 (7th Cir. 1985). In cases addressing municipal liability, courts have required a plaintiff to show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. See Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989)).

Nowhere in his complaint does Plaintiff allege that the alleged constitutional violations were the result of a county policy or custom. Furthermore, he does not allege that any of the constitutional deprivations he experienced while incarcerated at the Ottawa and Craig County Jails resulted from an action or decision of the commissioners as the final policy making authority with

respect to the action ordered. Under Oklahoma law, a sheriff is responsible for the proper management of the jail in his county, for the training of jailers, and the conduct of his deputies. Okla. Stat. tit. 19, §§ 513, 513.1 & 547(A) (Supp. 2005); see also Meade, 841 F.2d at 1528. The county commissioners are not responsible for establishing jail policies. As a result, Plaintiff's complaint fails to state a claim against the commissioners in their official capacities as members of the Board of County Commissioners of Ottawa or Craig Counties.

Because the complaint fails to state a claim against the commissioners in either their individual or official capacities, the Court finds the commissioners' motion to dismiss should be granted.

### *2. Plaintiff has failed to effect proper service of Defendant Doney*

On September 15, 2009, Defendant Jack Doney filed a Special Entry of Appearance (Dkt. # 62) and motion to dismiss (Dkt. # 63). Upon review of the record, the Court finds Plaintiff has failed to effect proper service of process as to Defendant Doney. After the United States Marshal filed an unexecuted return of service for Dr. Doney, see Dkt. # 39, Plaintiff states that he mailed a summons and a copy of the complaint to T. Logan Brown, an attorney in Miami, OK. See Dkt. # 61 at 3. Plaintiff asserts that Mr. Brown has provided legal representation for Dr. Doney. However, the record provided by plaintiff refutes that assertion. It appears that Mr. Brown may have provided legal representation for plaintiff, but not for Dr. Doney. See Dkt. # 61, Ex. A (letter from Dr. Doney to T. Logan Brown, dated October 12, 2007, referencing medical records "for your above named client," Mark Kinkead). Under Fed. R. Civ. P. 4, Plaintiff's attempt to serve Dr. Doney by mailing a summons and copy of the complaint to Mr. Brown was not proper. For that reason, Defendant Doney's motion to dismiss should be granted. The Court further finds that for the reasons discussed

below, it would be futile to allow additional time for service because the complaint fails to state a claim against Dr. Doney.

In Count 1 of his complaint, plaintiff asserts that Dr. Doney, along with other named defendants, was "deliberately indifferent to Plaintiff's medical needs by refusing and denying requested specialist prescribed medications and requested medical care from injuries sustained from inmate-on-inmate violence." See Dkt. # 1. In paragraph 7 of Count 1, Plaintiff claims that Dr. Doney "refused all Plaintiff requests for specialist prescribed medications, to be examined to determine need for Tulsa County psychiatrist prescribed medications and post-beatings medical care for injuries." See Dkt. # 1 at 4. In paragraph 10 of Count 1, Plaintiff further alleges that "Dr. Doney is the supervising physician of Physician Assistant Smith-Fox." Id. Dr. Doney is also named in Count 2 of the complaint, by virtue of Plaintiff's incorporation of paragraphs 1-11 of Count 1. Other than the incorporated paragraphs from Count 1, plaintiff makes no other factual allegations concerning Dr. Doney in Count 2.

Significantly, Plaintiff affirmatively indicates that Dr. Doney did not act under color of state law in providing or in failing to provide medical care. See id., "Additional Defendants," ¶ 12. The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor).

See, e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). Based on plaintiff's assertion that Dr. Doney was not acting under color of state law at the time of the incidents giving rise to his complaint, the complaint fails to state a claim upon which relief may be granted as to Dr. Doney.

Even if Dr. Doney acted under color of state law at the time of the incidents giving rise to plaintiff's complaint, the Court finds the complaint fails to state a claim upon which relief may be granted. It is well-established that "[a] medical staff's deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment." Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (quotation omitted). Where a plaintiff is a pretrial detainee, Eighth Amendment standards provide the benchmark for conditions of confinement claims, including claims of inadequate medical care. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999); see also Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). Furthermore, as discussed above, it is well established that under § 1983, a defendant may not be held liable under a theory of respondeat superior. See Worrell, 219 F.3d at

10

1214; Gagan, 35 F.3d at 1476 n.4. Instead, to establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Worrell, 219 F.3d at 1214 (quoting Meade, 841 F.2d at 1527 (quotation omitted) (alternation in original)); Mitchell, 80 F.3d at 1441; Trujillo v. Williams, 465 F.3d 1210, 1227-29 (10th Cir. 2006) (a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to rise under § 1983).

Plaintiff has failed to allege facts sufficient to satisfy the subjective component of the deliberate indifference standard, requiring that the offending official act with a sufficiently culpable state of mind. Plaintiff has presented no facts suggesting that Dr. Doney received any request for medication prescribed by a Tulsa County psychiatrist. Plaintiff makes only "naked assertions" concerning Dr. Doney's participation in the incidents giving rise to his claims. Although he claims that "everyone at the Ottawa County Jail" was aware that Plaintiff had been prescribed medication at the time of his transfer to the jail, he fails to show that Dr. Doney was subjectively aware of the prescribed medication. Similarly, Plaintiff fails to provide factual support for his claim that Dr. Doney refused his requests for medical care after his alleged beating by other inmates. In addition, Plaintiff's attempt to hold Dr. Doney liable because he was the "supervising physician" for defendant Smith-Fox fails because, as discussed above, a defendant may not be held liable under a theory of respondeat superior. See Worrell, 219 F.3d at 1214; Gagan, 35 F.3d at 1476 n.4. Plaintiff fails to provide any facts suggesting that Dr. Doney's failure to supervise led to violation of his constitutional rights. The Court finds that Plaintiff's claims of inadequate medical care, as asserted against Dr. Doney in Counts 1 and 2 of the complaint, fail to comply with Federal pleading

11

requirements. See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Therefore, it would be futile to provide additional time for Plaintiff to effect proper service as to Defendant Doney.

**C. Remaining defendants shall file motions for summary judgment**

As stated above, Ottawa and Craig County officials have filed Special Reports (Dkt. #s 48 and 49). Both Special Reports contain averments that Plaintiff failed to exhaust administrative remedies before filing this complaint, and that Plaintiff's allegations are without factual support and are insufficient to state a cognizable claim. See Dkt. #s 48 and 49. Upon review of the record, the Court hereby directs Defendants Durborow, Lloyd, Bennett, Sooter, B.J. Floyd, and Smith-Fox to file motion(s) for summary judgment within thirty (30) days of the entry of this Order. Plaintiff shall file a response to the motion(s) within twenty-one (21) days thereafter. See LCvR7.2(e). Should Plaintiff fail to file a response to the motion(s), the Court will be authorized, in its discretion and upon notice to Plaintiff, to deem the matter confessed and enter the relief requested. See LCvR7.2(f). Defendants may file replies within fourteen (14) days of the filing of Plaintiff's responses.

**D. Motion for appointment of counsel**

On February 25, 2010, Plaintiff filed a motion for appointment of counsel (Dkt. # 77). In the case of an indigent plaintiff, the Court has discretion to appoint an attorney to represent the plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting McCarthy, 753 F.3d at 838). "It is not enough 'that having counsel

appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting Rucks, 57 F.3d at 979).

After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, see Rucks, 57 F.3d at 979 (cited cases omitted); see also McCarthy, 753 F.2d at 838-40, the Court finds Plaintiff's motion for appointment of counsel should be denied without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants Travis Doe and John Doe are **dismissed without prejudice** at the request of Plaintiff.

2. Defendants Frank Marion Floyd and Palmer are **dismissed without prejudice** as a result of Plaintiff's failure to effect service of process within the time period established by the Court under Fed. R. Civ. P. 4(m).

3. Within thirty (30) days of the entry of this Order, or by April 30, 2010, Plaintiff shall effect proper service of process as to Defendants Burkee and Stein. Should Plaintiff fail to effect proper service as to those defendants by the deadline, they shall be dismissed without prejudice.

4. The motion to dismiss (Dkt. # 54) filed by Defendants Bible, Clarke, Earls, and Peetom is **granted** and those Defendants are **dismissed** from this action.

5. Defendant Doney's motion to dismiss (Dkt. # 63) based on improper service is **granted**. Defendant Doney is **dismissed** from this action.

6.       Within thirty (30) days of the entry of this Order, Defendants Durborow, Lloyd, Bennett, Sooter, B.J. Floyd, and Smith-Fox shall file motions for summary judgment.

7.       Plaintiff shall file responses to the dispositive motions within twenty-one (21) days of the filing of the motions. <u>See</u> LCvR7.2(e). Defendants may file replies within fourteen (14) days of the filing of Plaintiff's responses. <u>See</u> LCvR7.2(h).

8.       Plaintiff's motion for appointment of counsel (Dkt. # 77) is **denied without prejudice**.

DATED THIS 31st day of March 2010.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma