**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK KINKEAD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 08-CV-562-JHP-FHM |
| | ) |
| TERRY DURBOROW, Ottawa County | ) |
| Sheriff; et al., | ) |
| | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

Before the Court are Plaintiff's motions to strike Defendant's reply (Dkt. # 97), for appointment of counsel (Dkt. # 107), and to amend responses to interrogatories (Dkt. # 108). Defendant Bennett filed a response (Dkt. # 110) in opposition to the motion to strike reply. Also before the Court is the special appearance of Theresa Horn and motion to quash Plaintiff's notice of effect of proper service (Dkt. # 92). After Plaintiff failed to file a timely response to her motion to quash, Theresa Horn also filed a special appearance and motion for confession of her motion to quash (Dkt. # 102). Thereafter, Plaintiff filed a response (Dkt. # 103) to the motion to quash and Theresa Horn filed a reply (Dkt. # 113). For the reasons discussed below, each of Plaintiff's motions shall be denied. In addition, the motion to quash shall be granted and the motion for confession of the motion to quash shall be declared moot. Lastly, Defendants Teresa Stein and Travis Burkee shall be dismissed without prejudice based on Plaintiff's failure to effect timely service of process.

**A. Plaintiff's motions**

In his motion to strike, Plaintiff requests that the Court strike as filed out of time Defendant Bennett's reply to his response to the motion for summary judgment. The reply deadline was fourteen (14) days after the response was filed. Plaintiff filed his response (Dkt. # 89) to

Defendant's motion on May 18, 2010. Thus the reply deadline was June 1, 2010. Defendant Bennett filed her reply (Dkt. # 95) on June 4, 2010, or three (3) days out of time. In response to Plaintiff's motion to strike, Defendant Bennet asserts that the motion to strike should be denied because even if the reply was untimely, Plaintiff has not shown prejudice and Defendant Bennett did not act in bad faith. The Court agrees. Whether to excuse a late filing is within the Court's discretion. See Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005). Absent an allegation by the opposing party that it suffered prejudice because of the delay, this Court generally allows such filings. See, e.g., id. (holding that party could file brief approximately two months late). Given the short delay and absence of prejudice, Plaintiff's motion to strike Defendant Bennett's reply shall be denied.

In her response to the motion to strike, Defendant Bennett seeks leave of Court to file a supplement to her reply brief. The Court finds that request should be granted. Defendant Bennett may supplement her reply brief within fourteen (14) days of the entry of this Order.

Next, in his motion for appointment of counsel (Dkt. # 107), Plaintiff acknowledges that the Court has denied a previous request for appointment of counsel. See Dkt. # 78. Nothing in Plaintiff's most recent request for appointment of counsel alters the Court's previous conclusion that appointment of counsel is not warranted at this point in the proceeding. See, e.g., Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006). Therefore, Plaintiff's motion shall be denied without prejudice.

Lastly, the Court finds Plaintiff's motion to amend his response to Defendants' first set of interrogatories is unnecessary. Plaintiff states in his motion that he has consulted with counsel for defendants and reached an agreement concerning amendment of his original responses. Therefore,

leave of Court is unnecessary. Plaintiff is further advised that pursuant to Local Rule 26.3, discovery material is not to be filed of record with the Court Clerk. See LCvR26.3.[1] Plaintiff's motion to amend responses to interrogatories shall be declared moot.

## B. Unserved defendants and motion to quash

Plaintiff named Teresa Stein ("Stein") and Travis Burkee ("Burkee") as defendants in this matter. He states that Stein was a nurse and that Burkee was a jail guard at Ottawa County Jail during the relevant time period. The Clerk of Court issued the summons provided by Plaintiff for Stein and Burkee. The summonses were returned unexecuted by the U.S. Marshal. See Dkt. #s 40 and 41. By Order filed March 31, 2010, the Court found that Plaintiff had failed to demonstrate good cause for his failure to effect service on Stein and Burkee. However, he was afforded a thirty (30) day extension of time to effect service as to those defendants. Thus, his deadline for serving Burkee and Stein expired on April 30, 2010. Plaintiff has not effected service as to either Defendant Stein or Burkee and his deadline has passed. Therefore, Defendants Stein and Burkee shall be dismissed without prejudice from this action for failure to effect service of process.

Plaintiff attempted to effect service of process on Theresa Horn, Ottawa County Jail Nurse, stating that he did not know the correct name of the jail nurse when he filed his complaint. See Dkt. # 103. However, as argued in her motion to quash, Theresa Horn is not a named defendant in this

---

[1]Local Rule 26.3 provides as follows:

> Depositions, notices of deposition, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall not be filed with the Court Clerk unless on order of the Court or unless they are attached to a motion, response thereto, or are needed for use in a trial or hearing.

LCvR26.3.

action. Furthermore, Plaintiff attempted to serve Theresa Horn by mailing an unissued summons to her. See Dkt. # 92, Ex. 1. Plaintiff's effort to serve Theresa Horn, a non-party, does not comply with Rule 4(a) and is insufficient. See Fed. R. Civ. P. 4(a)(1). Therefore, Theresa Horn's motion to quash Plaintiff's notice of effect of proper service shall be granted. The motion to confess the motion to quash shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to strike Defendant's reply (Dkt. # 97) is **denied**.
2. Defendant Bennett may file a supplement to her reply within fourteen (14) days of the entry of this Order.
3. Plaintiff's motion for appointment of counsel (Dkt. # 107) is **denied without prejudice**.
4. Plaintiff's motion to amend responses to interrogatories (Dkt. # 108) is **declared moot**.
5. Defendants Teresa Stein and Travis Burkee are **dismissed without prejudice** based on Plaintiff's failure to effect timely service of process.
6. The motion to quash Plaintiff's notice of effect of proper service (Dkt. # 92) is **granted**. The motion to confess the motion to quash (Dkt. # 102) is **declared moot**.

DATED THIS 8th day of July 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma